**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **BOZZUTO CONSTRUCTION COMPANY** | * | |
| 6406 Ivy Lane, Suite 700 | * | |
| Greenbelt, Maryland 20770 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. _____ |
| | * | |
| **SELECTIVE INSURANCE COMPANY** | * | |
| **OF SOUTH CAROLINA** | * | |
| *Serve on: Resident Agent* | * | |
| Corporation Service Company | * | |
| 100 Shockoe Slip Fl 2 | * | |
| Richmond, Virginia, 23219 | * | |
| | * | |
| -and- | * | |
| | * | |
| **SELECTIVE WAY INSURANCE COMPANY** | * | |
| *Serve on: Resident Agent* | * | |
| Corporation Service Company | * | |
| 100 Shockoe Slip Fl 2 | * | |
| Richmond, Virginia, 23219 | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Bozzuto Construction Company ("Bozzuto Construction"), by and through undersigned counsel, files this Complaint against Defendants Selective Insurance Company of South Carolina ("Selective South Carolina") and Selective Way Insurance Company ("Selective Way," and together, "Selective"). In support of its Complaint, Bozzuto Construction avers, upon knowledge as to itself and upon information and belief as to all other matters, as follows:

969638                                                    1

## NATURE OF THE ACTION

1.     This is an insurance coverage dispute and declaratory judgment action related to construction of Faraday Park, a multifamily apartment community located at 1831 Michael Faraday Drive, Reston, VA 20190 ("Project").

2.     Faraday Park, LLC, as successor in interest to 1831 Michael Faraday LLC, RP 11111 Sunset Hills LLC, and Rooney Properties ("Owner"), owns the Project.

3.     Bozzuto Construction was the general construction contractor for the Project and subcontracted with Aeroseal Contracting Corporation ("Aeroseal") for balcony doors.

4.     The subcontract required Aeroseal to defend and indemnify Bozzuto Construction for issues associated with Aeroseal's work on the Project and to obtain liability insurance designating Bozzuto Construction as an additional insured for claims against Bozzuto Construction relating to Aeroseal's work on the Project.

5.     Aeroseal obtained liability insurance from Selective, and the policies include Bozzuto Construction as an additional insured.

6.     Bozzuto Construction brought an arbitration action against Owner for money owed under the prime contract for the Project. Owner counterclaimed for alleged damages associated with purported defective work by Bozzuto's subcontractors, including Aeroseal. Bozzuto Construction, in turn, brought contribution claims against Aeroseal and others.

7.     Bozzuto Construction also made several additional insured tenders to Selective.

8.     To date, Selective has not made a coverage determination or defended Bozzuto Construction against Owner's counterclaim.

9.     Bozzuto Construction brings this declaratory judgment action to obtain a declaration that Selective is obligated to defend and indemnify Bozzuto Construction against

969638                                    2

Owner's counterclaim and pay the millions of dollars in defense fees and costs that Bozzuto Construction has incurred.

## PARTIES

10.    Bozzuto Construction is a Maryland corporation with its principal place of business at 6406 Ivy Lane, Suite 700, Greenbelt, MD, 20770.

11.    Defendant Selective South Carolina is an Indiana insurance corporation with its principal place of business located at 900 E 96th St Ste 400, Indianapolis, IN, 46240.

12.    Defendant Selective Way is a New Jersey insurance corporation with its principal place of business located at 40 Wantage Ave, Branchville, NJ, 07890.

## JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between Bozzuto Construction and Selective and the amount in controversy exceeds $75,000.

14.    Exercise of personal jurisdiction over Selective is proper pursuant to Va. Code § 8.01-328.1 because this action arises from Selective transacting business in the Commonwealth and contracting to insure any person, property, or risk located within the Commonwealth at the time of contracting.

15.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

969638                                3

## FACTS

I.   **Bozzuto Construction requires Aeroseal to defend and indemnify Bozzuto Construction for claims related to the Project and obtain liability insurance including Bozzuto Construction as an additional insured.**

16.     In early 2018, Bozzuto Construction contracted with Owner to serve as the general construction contractor for the Project.

17.     On or about May 3, 2019, Bozzuto Construction executed a "Construction Purchase Order Contract" with Aeroseal, under which Aeroseal agreed to provide balcony doors for the Project ("Aeroseal Subcontract").

18.     The Aeroseal Subcontract provides that Aeroseal "shall be liable to [Bozzuto Construction] and shall indemnify [Bozzuto Construction] for any added costs [Bozzuto Construction] incurs as a result of, arising out of, or incurred in connection with the performance of this [Contract] or [Aeroseal's] failure to perform this order in accordance with its terms."

19.     Sections 5 and 6 of Exhibit 5 ("Insurance Requirement") to the Aeroseal Subcontract require Aeroseal to obtain insurance that provides primary and non-contributory coverage to Bozzuto Construction as an additional insured for claims against Bozzuto Construction relating to Aeroseal's work on the Project.

20.     Aeroseal obtained two liability policies from Selective, designated policy numbers S2100491 and S51591100 ("Selective Policies").

II.  **Bozzuto Construction makes several additional insured tenders to Selective, but Selective does not respond or defend Bozzuto Construction.**

21.     On or about April 18, 2021, Owner notified Bozzuto Construction that alleged "compromises in the building envelope" of the Project caused purported "moisture infiltration" that damaged "drywall, flooring, [and] insulation" and caused "unfavorable environmental conditions."

969638                                                            4

22.     In response to Owner's notice, on or about June 4, 2021, Bozzuto Construction notified Aeroseal of a potential Owner claim for alleged construction defects at the Project and tendered Bozzuto Construction's defense. Bozzuto Construction sent Aeroseal another notice of claim on or about August 14, 2021, further tendering its defense.

23.     About a week later, on or about August 20, 2021, Selective issued Aeroseal a reservation of rights letter, but did not communicate any coverage position to Bozzuto Construction.

24.     On or about January 27, 2022, having received no response concerning Bozzuto Construction's additional insured tenders, Bozzuto Construction's liability insurer for the Project, The Hartford, sent Selective a further demand that Selective defend and indemnify Bozzuto Construction.

25.     On or about March 26, 2024, Bozzuto Construction initiated an arbitration against Owner (*Bozzuto Construction Company v. 1831 Michael Faraday LLC/RP 11111 Sunset Hills LLC* – AAA Case 01-24-0003-3311), seeking monies owed under the prime construction contract between Bozzuto Construction and Owner ("Arbitration").

26.     Owner filed a counterclaim against Bozzuto Construction, alleging that certain Bozzuto Construction subcontractors, including Aeroseal, performed defective work on the Project ("Owner Counterclaim").

27.     Owner asserted that the balcony doors that Aeroseal provided were defective and caused water intrusion and significant property damage at the Project and unreasonable and costly delays in the construction schedule.

28.     Specifically, Owner alleged that "Bozzuto [Construction] had requested permission to substitute a Masonite Door for the specified Jeld-Wen door, but did not follow the

substitution requirements set forth in the contract documents, including the false representation that the Masonite was a 'similar product' and that it had 'been fully investigated and determined to be equal or superior in all respects,'" and that "after Bozzuto [Construction] installed the Masonite doors, the units experienced significant water infiltration . . . causing significant damage to [Owner's] property, as well as unreasonable delays."

29.    Bozzuto Construction denies all liability for the Owner Counterclaim and is vigorously defending it, incurring millions of dollars in defense fees and costs.

30.    In the event Bozzuto Construction is liable for any damages in connection with the Owner Counterclaim, Bozzuto Construction filed in the Arbitration contribution claims against Aeroseal and other subcontractors.

31.    As for Aeroseal, Bozzuto Construction alleged that Aeroseal "substituted an 'or equal' Masonite door for the JELD-WEN door" and asserted that "to the extent that the [Arbitration] Panel finds that this substitution was an intervening event that interrupted the causal chain caused by [Owner's] Architect's negligent design, BCC (Bozzuto) will look to Aeroseal for contribution for any damages [Owner] proves are due to water intrusion that may be the proximate result of Aeroseal's substitution[.]"

32.    On or about November 5, 2024, Bozzuto Construction made another insured tender to Selective, demanding that Selective immediately agree to assume all costs of Bozzuto Construction's legal defense of the Owner Counterclaim and indemnify Bozzuto Construction for any and all amounts Bozzuto Construction may be obligated to pay Owner that arise out of Aeroseal's work at the Project.

33.    Yet again, Selective failed to communicate any coverage decision to Bozzuto Construction.

34.     After an additional year of active arbitration with Owner, on or about December 18, 2025, Bozzuto Construction made yet another additional insured tender to Selective.

35.     To date, Selective still has not communicated any coverage decision to Bozzuto Construction—much less paid Bozzuto's defense costs as the Selective Policies require.

**III.    Bozzuto Construction is an additional insured under the Selective Policies, and Selective is obligated to pay Bozzuto Construction's defense costs.**

36.     Bozzuto Construction qualifies as an additional insured under the Selective Policies based on at least two separate endorsements: (1) the "ElitePac General Liability Extension Endorsement" (form CG 73 00 01 19), and (2) the "Contracting, Installation, Service And Repair General Liability Extended ElitePac Endorsement" (form CG 79 88 01 19).

37.     These endorsements provide additional insured coverage to any person or organization for whom Aeroseal is "performing operations" when Aeroseal has agreed in a written contract to add that person or organization to the policy as an additional insured.

38.     As a Bozzuto Construction subcontractor, Aeroseal performed operations for Bozzuto Construction, and the Aeroseal Subcontract required Aeroseal to add Bozzuto Construction as an additional insured on Aeroseal's liability policies.

39.     The ElitePac General Liability Extension Endorsement includes at least two provisions that both qualify Bozzuto Construction as an additional insured: (1) "Blanket Additional Insureds – As Required by Contract"; and (2) "Broad Form Vendors Coverage."

40.     The "Broad Form Vendors Coverage" provides additional insured coverage to "any person or organization . . .  for whom [Aeroseal has] agreed in a written contract or written agreement to provide coverage as an additional insured under [Aeroseal's] policy.

969638                                          7

41. The Aeroseal Subcontract required Aeroseal to add Bozzuto Construction as an additional insured on Aeroseal's liability policies.

## COUNT I
### Declaratory Judgment

42. Bozzuto Construction adopts and incorporates each of its preceding allegations above, as if fully set forth herein.

43. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court has jurisdiction to declare the rights and other legal relations of the parties in this dispute.

44. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

45. An actual controversy exists between Bozzuto Construction and Selective because after numerous additional insured tenders, Selective has failed to make a coverage decision and defend Bozzuto Construction while Bozzuto Construction has incurred millions of dollars in attorneys' fees to defend the Owner Counterclaim.

46. Bozzuto Construction's interest in the Selective Policies and declaratory relief is direct, substantial, quantifiable, and immediate.

47. Bozzuto Construction is an additional insured under the Selective Policies based on, at a minimum, the "ElitePac General Liability Extension Endorsement" (form CG 73 00 01 19) and the "Contracting, Installation, Service And Repair General Liability Extended ElitePac Endorsement" (form CG 79 88 01 19).

969638    8

48.   As a Bozzuto Construction subcontractor, Aeroseal performed operations for Bozzuto Construction, and the Aeroseal Subcontract required Aeroseal to add Bozzuto Construction as an additional insured on Aeroseal's liability policies.

49.   The Selective Policies require Selective to defend and indemnify Bozzuto Construction for the Owner Counterclaim and pay all of Bozzuto Construction's attorneys' fees and costs incurred in connection with the Owner Counterclaim, which exceed $1 million.

**WHEREFORE**, Bozzuto Construction respectfully requests that this Court:

A.  Declare that Bozzuto Construction is an additional insured under the Selective Policies;

B.  Declare that Selective is obligated to defend and indemnify Bozzuto Construction for the Owner Counterclaim and pay all of Bozzuto Construction's attorneys' fees and costs incurred in connection with the Owner Counterclaim;

C.  Award Bozzuto Construction the reasonable attorneys' fees and expenses it incurs in this matter; and

D.  Grant such other and further relief as the Court deems to be just and proper.

Dated:  December 31, 2025

Respectfully Submitted,

**BOZZUTO CONSTRUCTION COMPANY**

By: /s/ James D. Bragdon
James D. Bragdon (VSB # 83681)
GALLAGHER LLP
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
Telephone (410) 727-7702
Fax (410) 468-2786
jbragdon@gallagherllp.com
*Attorneys for Plaintiff*

969638   9